# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THEODORE GINNERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 4:05cv0981 TCM |
| ALAN BLAKE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on the unopposed motion of defendant, Alan Blake, for summary judgment.

## Background

This action began with the request of plaintiff, Theodore Ginnery, to proceed in forma pauperis on his pro se complaint against various defendants, including Blake, for (a) denying him access to the courts by not timely delivering his postage stamps; (b) doing so in retaliation for his exercise of his First Amendment rights; and (c) punishing him under the pretext of treating him. He was granted leave to proceed in forma pauperis only on his retaliation claim against Blake, the Chief Operating Officer of the Missouri Sexual Offender Treatment Center ("MSOTC"), where Plaintiff is civilly detained. (Uncontroverted Facts ¶¶ 1-2.[2])

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]The Court will cite to only those "Uncontroverted Facts" that are not contradicted by Plaintiff's sworn complaint. Plaintiff did not respond to the motion for summary judgment.

Blake now moves for summary judgment on the retaliation claim. In support of his motion, he avers that all residents at MSOTC are permitted to mail two letters each week at the State's expense and are permitted free postage for all verifiable legal mail. (Blake Aff. ¶ 5.) The residents are also permitted to receive postage stamps from family and friends. (Id.) Residents may purchase additional postage if they are not on level A. (Id.) Plaintiff was on level A at various times. (Id.) For reasons of security, residents are not allowed to have more than ten postage stamps in their possession at any one time. (Id.) Any excess, confiscated postage is returned to the residents when they have used the ten in their possession. (Id.)

Plaintiff has never been prevented from mailing his allotted two letters each week. (Id. ¶ 8.) Blake has "never intentionally withheld or delayed [Plaintiff's] receipt of any postage stamps." (Id. ¶ 9.) Moreover, "[Plaintiff's] mail is handled in accordance with the procedures used in handling the mail of all the MSOTC residents." (Id. ¶ 8.)

As noted above, Plaintiff has not responded to the motion for summary judgment. Thus, his retaliation claim is supported only by the allegation in his verified complaint that the delay in timely delivering his postage stamps was done in retaliation of his exercise of his First Amendment rights. (Compl. ¶¶ 16-17.)

## Discussion

"Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" **Erenberg v. Methodist**

**Hosp.**, 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)) (alteration added). An issue of material fact is genuine if it has a real basis in the record; and, a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." **Hartnagel v. Norman**, 953 F.2d 394, 395 (8th Cir. 1992) (citations omitted).

The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. See **City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.**, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. See **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). "A [party] facing a summary judgment motion cannot 'get to the jury without any significant probative evidence tending to support the complaint[,]'" but must "make a sufficient showing on every essential element of its claim on which it bears the burden of proof." **Buettner v. Arch Coal Sales Co.**, 216 F.3d 707, 718 (8th Cir. 2000) (alterations added) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). And, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." **Webb v. Lawrence County**, 144 F.3d 1131, 1135 (8th Cir. 1998).

"To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing

in that activity, and (3) the adverse activity was motivated at least in part by the exercise of the protected activity." **Revels v. Vincenz**, 382 F.3d 870, 876 (8th Cir. 2004). "In short, the plaintiff must show the official took the adverse action because the plaintiff engaged in the protected speech." **Id.**

Assuming, without deciding, that Plaintiff's receipt of postage stamps was delayed and was a protected activity, Plaintiff carries a "substantial burden" to establish that retaliation was the actual motivating factor for the delay. See **Johnson v. Hamilton**, 452 F.3d 967, 973 (8th Cir. 2006); **Goff v. Burton**, 7 F.3d 734, 737 (8th Cir. 1993).

The Eighth Circuit Court of Appeals recently addressed a retaliation claim filed by a civilly-committed sex offender in **Senty-Haugen v. Goodno**, 2006 WL 2588175 (8th Cir. Sept. 11, 2006). The plaintiff in that case alleged that the offender program staff had retaliated against him for exercising his First Amendment rights. **Id.** at *11. The denial of that claim was affirmed on the grounds that the plaintiff had failed to present any evidence that the complained-of action had been taken for a retaliatory reason. **Id.** See also **Lamb v. Missouri Dep't of Corrections**, 154 Fed.Appx. 555, 556 (8th Cir. 2005) (per curiam) (affirming grant of summary judgment on retaliation claim on grounds that there was some evidence supporting challenged decision).

Blake has submitted evidence that there was no delay in providing Plaintiff postage stamps and that he did not take any action against Plaintiff in retaliation for Plaintiff exercising any First Amendment rights. To controvert this evidence, there is only the one-sentence, conclusory allegation in the complaint, addressed to no defendant in particular, that a delay was retaliatory. "[I]n the face of [Blake's] evidence [that there was no delay in

providing Plaintiff postage stamps], [Plaintiff] cannot rely on his conclusory allegation that [a delay was] in retaliation" for his exercise of his First Amendment rights. **McClinton v. Arkansas Dep't of Correction**, 166 Fed.Appx. 260, 261 (8th Cir. 2006) (per curiam) (alterations added).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Alan Blake for summary judgment is **GRANTED**. [Doc. 13]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of September, 2006.